Rockingham,
No. 5408.

STATE *v.* DONALD ANDRESEN.

Argued January 4, 1967.

Decided February 24, 1967.

*George S. Pappagianis*, Attorney General, and *William J. O'Neil*, Deputy Attorney General ( *Mr. O'Neil* orally ), for the State.

*Shaw & Eldredge* ( *Mr. Carleton Eldredge* orally ), for the defendant.

DUNCAN, J. The defendant was convicted by verdict of a jury, upon a complaint charging that on September 6, 1964 at Hampton he continued to unlawfully and riotously assemble after proclamation by a police officer to disperse, in violation of RSA 609:9, since repealed. See RSA ch. 609 ( supp ); RSA ch. 609 - A ( supp ); *State* v. *Mower*, 107 N. H. 481. After the verdict, the defendant moved to set the verdict aside on the ground that the prosecution had withheld evidence favorable to him, until

after the jury had retired. Following hearing, the motion was denied by the Presiding Justice ( *Leahy*, C. J. ) subject to the defendant's exception. All questions of law presented by this and other exceptions were reserved and transferred by the Presiding Justice.

The defendant argues first that his motion for acquittal made at the trial was erroneously denied for lack of evidence that the proclamation to disperse was heard by the defendant. This issue was not raised at the trial and requires no consideration here, particularly since the record would amply support a finding that he did hear the proclamation.

The major contention advanced by the defendant is that presented by his motion to dismiss. At the trial the principal issue was one of identification. Three police officers testified to conduct on the part of the defendant, which the defendant and his brother categorically denied from the witness stand. The officers testified that the defendant was wearing a bright red sweater at the time. The defendant's evidence was that his sweater was blue. His explanation for not producing the blue sweater at the trial was that it had been left inadvertently in a hospital, at some time after September 6, 1964.

The evidence which the defendant contends was wrongfully suppressed by the prosecution consisted of two black and white photographs of the defendant taken by police following his arrest on September 6, 1964. It is not contended that any request was made by the defendant which would have called for production of the photographs at the trial. *Cf. Brady* v. *Maryland*, 373 U. S. 83; Annot. 7 A.L.R. 3d 181, 205. At the hearing on the motion to set the verdict aside, the officers who identified the defendant at the trial testified that production of the photographs at the trial would not have affected their testimony then given. The defendant nevertheless maintains that the photographs were wrongfully suppressed and constitute newly discovered evidence entitling him to a new trial.

We find no merit in the contention. The defendant asserts that witnesses familiar with his appearance on the date in question would testify that the sweater shown by the photographs was blue, not that the photographs themselves could reveal its true color. Thus the evidence proffered would be cumulative. The record thus furnished no basis for a finding that justice requires a new trial. *McGinley* v. *Railroad*, 79 N. H. 320, 321. See *Haney* v. *Burgin*, 106 N. H. 213, 218.

No other exceptions have been argued or briefed and the record discloses no error. The issues tried were issues of fact, and the evidence warranted the verdict returned.

*Exceptions overruled.*

All concurred.